CT Corporation

**Service of Process Transmittal**
08/21/2020
CT Log Number 538133259

TO: Rose Barajas
Uber Technologies, Inc.
1455 Market St Fl 4
San Francisco, CA 94103-1355

RE: **Process Served in Massachusetts**

FOR: UBER TECHNOLOGIES, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PEDRO FONTES, PLTF. vs. UBER TECHNOLOGIES, INC., DFT. |
| **DOCUMENT(S) SERVED:** | Summons, Motion, Cover Sheet, Amended Complaint |
| **COURT/AGENCY:** | Suffolk County Superior Court, MA<br>Case # 2084CV01435A |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/21/2020 at 14:47 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | Marshall F. Newman<br>NEWMAN & NEWMAN, P.C.<br>One McKinley Square, 3rd Floor<br>Boston, MA 02109<br>617-227-3361 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/21/2020, Expected Purge Date: 08/26/2020 |
| | Image SOP |
| | Email Notification,  Rose Barajas  rbarajas@uber.com |
| | Email Notification,  Dylan Tonti  tonti@uber.com |
| | Email Notification,  Allison Garrett  agarrett@uber.com |
| | Email Notification,  Rose Barajas  rbarajas@uber.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## Commonwealth of Massachusetts

SUFFOLK, SS.                                TRIAL COURT OF THE COMMONWEALTH
                                            SUPERIOR COURT DEPARTMENT
                                            CIVIL DOCKET NO.   **2084 CV 01435**

**Pedro Fontes**
_____, PLAINTIFF(S),

v.

**Uber Technologies, Inc.** DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO **Uber Technologies, Inc.** _____. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the **Suffolk Superior** Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, **Suffolk Sup** Court, **3 Pemberton Sq. Boston, MA** (address), by mail or in person, AND

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: **One McKinley Sq., 3rd Floor, Boston, MA 02109**

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 2020 .

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20___         Signature: _____

N.B.    **TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

August 21, 2020

A TRUE COPY ATTEST

*Special*

Process Server & Disinterested Person

07/08   **NOTIFY**   **3**

J07/10v

**COMMONWEALTH OF MASSACHUSETTS**

Lotre Sent
07-14-20
MFN
RHN
PG
NtNpc
np

SUFFOLK, SS.

SUPERIOR COURT
CIVIL ACTION NO. 20-1435A

| | |
|---|---|
| PEDRO FONTES | ) |
| *Plaintiff,* | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| UBER TECHNOLOGIES, INC., | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
2020 JUL -6  P 2: 40
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

### MOTION FOR SPECIAL PROCESS SERVER

Now comes the Plaintiff in the above-captioned matter and requests that this Court hereby appoint the firm of Dewsnap & Associates, LLC, who is familiar with the rules for Civil Process in the Commonwealth of Massachusetts, as Special Process Server in the within matter.

PEDRO FONTES,

By his attorneys,

Marshall F. Newman (BBO #370560)
Rebecca H. Newman (BBO #682392)
Patrick J. Galasso (BBO #692391)
NEWMAN & NEWMAN, P.C.
One McKinley Square, 3rd Floor
Boston, MA 02109
Phone: (617) 227-3361
Email: MNewman@newmanlegal.com
         RNewman@newmanlegal.com
         PGalasso@newmanlegal.com

DATED:        July 6, 2020

| CIVIL ACTION COVER SHEET | DOCKET NUMBER SUCV2020 - | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | PEDRO FONTES | | COUNTY Suffolk |
|---|---|---|---|
| ADDRESS: | 199 North Harvard Street, Unit N221 | | |
| Allston, Massachusetts 02134 | | DEFENDANT(S): | Uber Technologies, Inc. |
| ATTORNEY: | Marshall Newman, Rebecca Newman, Patrick Galasso | | |
| ADDRESS: | Newman & Newman, PC | ADDRESS: | CT Corporation System |
| One McKinley Square, 3rd Floor | | 155 Federal Street, Suite 700 | |
| Boston, MA 02109 | | Boston, MA 02110 | |
| BBO: | M.Newman: 370560 / R.Newman: 682392 / P.Galasso: 692391 | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence - Personal Injury | F | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?
☒ YES   ☐ NO

Is this a class action under Mass. R. Civ. P. 23?
☐ YES   ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................. $246,338.60
2. Total doctor expenses ............................................................................... $44,115.35
3. Total chiropractic expenses ...................................................................... $ 0
4. Total physical therapy expenses .............................................................. $79,466.72
5. Total other expenses (describe below) .................................................... $61,632.00
Subtotal (A): $431,552.67
Approximate Home Nursing expenses, plus mental health treatment
B. Documented lost wages and compensation to date ....................................... $40,302.60
C. Documented property damages to date ......................................................... $ 0
D. Reasonably anticipated future medical and hospital expenses ...................... $207,744.00
E. Reasonably anticipated lost wages ............................................................... $336,724.08
F. Other documented items of damages (describe below) .................................. $ 0

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$ 1,016,323.2?

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $ 1,016,323.35

Signature of Attorney/ Unrepresented Plaintiff: X                    Date: 7/6/2020

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

#### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                    Date: 7/6/2020

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, SS.

SUPERIOR COURT
CIVIL ACTION NO. 2084-CV-01435A

---

PEDRO FONTES                                             )
                                                         )
     *Plaintiff,*                )
                                                         )
v.                                                       )    **FIRST AMENDED COMPLAINT**
                                                         )
UBER TECHNOLOGIES, INC.                                  )
     *Defendant.*                )

RECEIVED

AUG 2 0 2020

SUPERIOR COURT-CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

---

## PARTIES

1. The Plaintiff, Pedro Fontes, is an individual residing in Suffolk County at 199 North Harvard Street, Unit N221, Allston, MA 02134 ("Plaintiff").

2. The Defendant, Uber Technologies, Inc., is a duly organized, international corporation engaged in the business of providing rideshare services facilitated by a mobile application, and has a usual place of business at 155 Federal Street, Suite 700, Boston, Massachusetts 02110 ("Uber").

## STATEMENT OF FACTS

3. As of July 2017, Plaintiff had been employed by Uber for more than one year, and his work as a rideshare driver for Uber was Plaintiff's primary source of income.

4. On or about July 6, 2017, Plaintiff was employed by Uber.

5. At all relevant times on July 5 and 6, 2017, Plaintiff was an employee providing rideshare services for Uber, displaying the Uber brand name on his work vehicle.

6.  At all relevant times during Plaintiff's employment with Uber, the following applied to
    the employment relationship:

    a.  Plaintiff was unable to exercise significant control over his activities as Uber
        solicited customers and directed the route that Plaintiff was to drive while
        providing service to Uber's customers.

    b.  Plaintiff was not engaged in a distinct occupation or business such as a
        salesperson.

    c.  The type of work performed by Plaintiff for Uber proceeded under the direction
        of an employer and was not that of an unsupervised specialist.

    d.  Plaintiff was not required to possess any special skill to perform Uber's task.
        Plaintiff was only required to possess a valid passenger (Class D) driver's
        license.

    e.  Uber and not Plaintiff supplied the App which allowed for Uber's customers to
        solicit rides. Uber directed the Plaintiff as to the route to drive Uber's
        customers.

    f.  Plaintiff worked for Uber for more than a year supporting an on-going working
        relationship.

    g.  Uber's principal business is ridesharing transportation, and Plaintiff was
        furthering that business by transporting its passengers.

    h.  Uber operated a for-profit business as a ridesharing transportation company.

    i.  Uber forced terms of adhesion upon Plaintiff and unilaterally designated the
        Plaintiff as an independent contractor.

2

    j.  Uber was not free to terminate the relationship with the Plaintiff without liability.

7.  At all times relevant hereto, Plaintiff was an employee of Uber as defined by the Massachusetts Workers' Compensation Act, M.G.L. c. 152 ("Workers' Compensation Act").

8.  On July 6, 2017, and at all times relevant to this action, Uber was engaged in the business of providing rideshare transportation services. At all relevant times, Uber was a business entity which maintained the authority to terminate Plaintiff's working employment relationship and took actions to direct the manner of Plaintiff's work on Uber's behalf.

9.  However, Uber failed to provide private health insurance coverage to Plaintiff.

10.  Uber also failed to provide workers' compensation insurance for Plaintiff.

11.  As a result, Plaintiff did not have private health insurance coverage or workers' compensation coverage on or about July 6, 2017.

12.  On or about July 6, 2017, Plaintiff was engaged in providing rideshare services under the Uber name in and around the Dorchester region of Boston, Massachusetts.

13.  At all relevant times during the night of July 5 – 6, 2017, Plaintiff operated the rideshare vehicle within the course and scope of his employment in furtherance of Uber's interests.

14.  On or about July 6, 2017, Plaintiff accepted a fare from an Uber rider and traveled to the rider's pickup location in the area of 105 Cushing Avenue, Boston, Massachusetts, with the intention of providing rideshare services.

3

15. Uber did not provide Plaintiff with any warning as to any dangers in the area of 105 Cushing Avenue, nor did it offer any system, procedure, or other safety measures to alert or otherwise protect the safety of its driver, Plaintiff, in a high-crime neighborhood.

16. At approximately 12:22 AM on July 6, 2017, while "on the clock," having accepted a fare from an Uber rider and waiting at the designated pickup location for the said rider to appear, Plaintiff was shot in the head multiple times by an unknown assailant.

17. The gunshot wounds to his head caused Plaintiff significant, traumatic injuries. The bullets and bullet fragments penetrated Plaintiff's skull and multiple regions of his brain, nearly killing him, and inflicting severe neurological damage.

18. Plaintiff's employment with Uber was the sole reason that Plaintiff was in the area of 105 Cushing Avenue at the time he suffered multiple gunshot wounds to his head.

19. Plaintiff was transported to the Boston Medical Center hospital, where he received life-saving emergency medical treatment.

20. Plaintiff was hospitalized at the Boston Medical Center from July 6, 2017 until July 28, 2017.

21. Plaintiff then required additional in-patient treatment at a rehabilitation hospital until early September 2017.

22. Plaintiff required physical and occupational therapy in order to regain a wide range of essential functions, including basic motor control, speech, the ability to eat without a feeding tube, and the ability to walk.

23. Plaintiff's injuries have required him to receive ongoing nursing care, medical follow-up appointments, physical therapy, and regular mental health treatment through the present day.

24. Plaintiff's injuries include permanent nerve damage in his left leg and left arm, constant pain, permanent partial loss of vision in both eyes, impairment of cognitive function, physical disfigurement, and other debilities.

25. At the time of the work-related accident, Plaintiff was seeking custody of his two minor children. As a result of his extensive injuries, Plaintiff has been unable to act as a caretaker for his minor children, to fully enjoy his relationship with his children or to obtain custody.

26. Plaintiff's relationship with his two children has been irreparably damaged as a result of his injuries.

27. As a result of his injuries and the treatment thereof, Plaintiff has incurred extensive and extraordinary medical expenses in the amount of many hundreds of thousands of dollars.

28. As a further result of his injuries, Plaintiff has suffered emotional distress, a diminution in the quality of his life, and significant post-traumatic stress disorder, for which he requires ongoing mental health therapy.

29. As a further result of his injuries, Plaintiff has become totally and permanently disabled, being incapacitated to the extent that he is physically and emotionally unable to perform work in any field of employment.

30. Since becoming disabled by the gunshot wounds to his head, Plaintiff has been determined to be disabled by the Social Security Administration.

31. After Plaintiff suffered multiple gunshot wounds to his head, the police conducted an investigation in an attempt to identify and prosecute the shooter(s) and any others involved in the shooting.

32. Uber failed to cooperate with said law enforcement investigation, or to provide information in response to law enforcement's subpoena seeking data regarding the rider Plaintiff had been attempting to pick up.

33. Due at least in part to Uber's failure to cooperate with law enforcement, Plaintiff's shooter was never identified or charged. As a result, Plaintiff was denied justice and the opportunity for partial financial recovery by way of restitution in a criminal proceeding.

34. In fact, Uber has offered no support or assistance whatsoever to Plaintiff in response to the injuries that Plaintiff suffered in the course and scope of his employment with Uber.

35. Uber exerted control over Plaintiff's work through various techniques, including offering time-sensitive financial-inducements to incentivize the time, place, and manner in which Plaintiff operated the rideshare vehicle. Such time-sensitive incentives directly induced Plaintiff to accept an Uber fare in the area of 105 Cushing Ave. on July 6, 2017.

36. Plaintiff was not afforded the opportunity to negotiate the terms and conditions of the contract setting the terms of his employment with Uber, and was not permitted to accept Uber fares unless he accepted all non-negotiated terms and conditions, including any changes periodically made to them.

6

37. Plaintiff performed his rideshare work under Uber's name, and the income from fares was shared between Uber and Plaintiff at a rate Uber unilaterally determined. Plaintiff did not, and could not, transport Uber riders through the operation of an independent business under Plaintiff's own name.

38. Had Plaintiff been insured by his employer in accordance with the Workers' Compensation Act, he would have been entitled to receive extensive benefits, including payment of medical expenses, rehabilitation, injured employee compensation, and permanent impairment benefits.

39. However, as a result of its misclassification of Plaintiff, Uber failed to provide for the payment to Plaintiff of the compensation provided for by the Workers' Compensation Act in any manner or form.

40. Consequently, Plaintiff did not receive any of the considerable benefits to which he would otherwise have been entitled under the Workers' Compensation Act, including:

    a. Payment of his reasonable and necessary medical expenses pursuant to M.G.L. c. 152, §13 and §30;

    b. Payment of weekly compensation benefits for his total work-related disability, which has become permanent, pursuant to M.G.L. c. 152, §34 and 34A or, in the alternative, for partial disability pursuant to §35, and

    c. Payment for losses due to permanent bodily injury, disfigurement, and brain damage pursuant to M.G.L. c. 152, §36 and §36A.

41. At all times relevant hereto, Plaintiff was an employee of Uber as defined by the Massachusetts Wage Act, M.G.L. c. 149, §148 *et seq.* ("Wage Act"), being a person performing services for Uber who was (a) not free from control and direction in

7

connection with the performance of the service, (b) performed within Uber's usual

course of business, namely, the provision of rideshare transportation services, and (c) at

which time Plaintiff was not customarily engaged in any independently established

trade, occupation, profession or business of the same nature as the service performed

for Uber. See M.G.L. c. 149, §148B.

42. Throughout the term of Plaintiff's employment, Uber wrongfully and unilaterally

classified Plaintiff as an independent contractor rather than as an employee.

43. Uber employs more than eleven (11) individual full-time employees in the

Commonwealth of Massachusetts.

44. Uber failed to provide earned paid sick leave to Plaintiff, as required of all employers

of more than eleven (11) full-time workers by M.G.L. c. 149, §148C.

45. As a result of Uber's failure to provide earned paid sick leave, Plaintiff was not

afforded any paid sick leave whatsoever, and therefore did not receive any sick pay

during the many weeks in which he was hospitalized.

46. Pursuant to M.G.L. c. 149, §150, Plaintiff sought and obtained authorization from the

Massachusetts Attorney General to pursue a private right of action for Wage Act

violations in this matter.

47. Throughout the term of Plaintiff's employment, Plaintiff was regularly employed by

Uber for more than forty (40) hours per work week.

48. At no time during the term of Plaintiff's employment did Uber provide compensation

to Plaintiff at a rate of one- and one-half times his regular rate for all hours in excess of

forty (40) hours per work week, as required of all employers by M.G.L. c. 151, §1A.

## COUNT I – PERSONAL INJURY SUSTAINED IN THE COURSE OF EMPLOYMENT, M.G.L. c. 152, §66

49. Plaintiff repeats the allegations of paragraphs one through forty-eight and by reference makes them a part of this Count One.

50. On or about July 6, 2017, pursuant to M.G.L. c. 152, §1, Plaintiff was an employee of Uber, being a person in the service of Uber whose employment was in the usual course of the trade, business, profession or occupation of Uber.

51. On or about July 6, 2017, pursuant to M.G.L. c. 152, §1, Uber was an employer of Plaintiff.

52. In violation of M.G.L. c. 152, §25A, Uber failed to provide for the payment to Plaintiff of workers' compensation benefits, either by insurance with an insurer, by membership in a workers' compensation self-insurance group, or by obtaining a license as a self-insurer from the Department of Industrial Accidents.

53. During the course and scope of his employment with Uber, Plaintiff sustained significant personal injuries within the Commonwealth of Massachusetts.

54. Pursuant to M.G.L. c. 152, §66, Uber is strictly liable to Plaintiff for all damages incurred due to said injuries.

55. As a direct and proximate result of the personal injuries sustained in the course of his employment, Plaintiff suffered serious physical pain, emotional distress, mental distress, diminution in his quality of life, loss of wages, loss of earning capacity, permanent disability, and was forced to incur reasonable and necessary medical expenses, including, but not limited to hospital bills, doctors' bills, rehabilitation bills, physical and occupational therapy bills, and mental health therapy bills.

**WHEREFORE**, Plaintiff, Pedro Fontes, prays that this Court determine the amount of damages sustained by him as a proximate result of the personal injuries sustained in Defendant's employ, and that it enter judgment against Uber in accordance with that determination, together with interest and costs, as well as any other relief that this Court deems necessary and proper.

## COUNT II: FAILURE TO COMPENSATE REASONABLE AND NECESSARY HEALTH CARE EXPENSES, M.G.L. c. 152, §§13 AND 30

56. Plaintiff repeats the allegations of paragraphs one through fifty-five and by reference makes them a part of this Count Two.

57. On or about July 6, 2017, pursuant to M.G.L. c. 152, §1, Plaintiff was an employee of Uber being a person in the service of Uber whose employment was in the usual course of the trade, business, profession or occupation of Uber.

58. On or about July 6, 2017, pursuant to M.G.L. c. 152, §1, Uber was an employer of Plaintiff.

59. On or about July 6, 2017, Plaintiff was injured in the course of his employment when he was shot multiple times in the head.  As a result of his work-related accident, Plaintiff incurred reasonable and necessary medical expenses.

60. Pursuant to M.G.L. c. 152, §§13 and 30, Uber was required to provide insurance to compensate Plaintiff for reasonable and necessary medical expenses he incurred as a result of his work-related accident.

61. Uber, and any insurer acting on Uber's behalf, failed to compensate or reimburse Plaintiff for any of the reasonable and necessary medical expenses that Plaintiff incurred.

62.   As a direct and proximate result of Uber's failure to compensate or reimburse Plaintiff for his reasonable and necessary medical expenses, Plaintiff sustained significant monetary damages.

**WHEREFORE,** Plaintiff, Pedro Fontes, prays that this Court determine the amount of damages sustained by him as a proximate result of Uber's failure to provide compensation for Plaintiff's reasonable and necessary health care expenses, and that it enter judgment against Uber in accordance with that determination, together with interest and costs, as well as any other relief that this Court deems necessary and proper.

## COUNT III: FAILURE TO PROVIDE DISABILITY COMPENSATION, M.G.L. c. 152, §§34 – 34A, OR IN THE ALTERNATIVE, §35

63.   Plaintiff repeats the allegations of paragraphs one through sixty-two and by reference makes them a part of this Count Three.

64.   On or about July 6, 2017, pursuant to M.G.L. c. 152, §1, Plaintiff was an employee of Uber, being a person in the service of Uber whose employment was in the usual course of the trade, business, profession or occupation of Uber.

65.   On or about July 6, 2017, pursuant to M.G.L. c. 152, §1, Uber was an employer of Plaintiff.

66.   On or about July 6, 2017, Plaintiff was injured in the course and scope of his employment when he was shot multiple times in the head.  As a result of his injury, Plaintiff became totally and permanently disabled.

67.   Pursuant to M.G.L. c. 152, §34, Uber was required to provide weekly compensation benefits to Plaintiff while he was totally incapacitated from his work-related accident.

68.   Pursuant to M.G.L. c. 152, §34A, Uber is required to provide ongoing weekly compensation to Plaintiff due to his total and permanent disability.

11

69.  In the alternative, pursuant to M.G.L. c. 152, §35, if the Court finds that Plaintiff is only partially incapacitated from his work-related accident, Uber is required to provide weekly compensation benefits to Plaintiff for his work-related accident.

70.  Uber, and any insurer acting on Uber's behalf, failed to provide any weekly compensation to Plaintiff for his incapacitation as a result of his work-related accident.

71.  As a direct and proximate result of Uber's failure to provide compensation to Plaintiff for his total disability, which has become permanent, or in the alternative, for his partial disability, Plaintiff sustained significant monetary damages.

WHEREFORE, Plaintiff, Pedro Fontes, prays that this Court determine the amount of damages sustained by him as a proximate result of Uber's failure to provide compensation for Plaintiff's incapacitation, and that it enter judgment against Uber in accordance with that determination, together with interest and costs, as well as any other relief that this Court deems necessary and proper.

### COUNT IV: FAILURE TO COMPENSATE PHYSICAL INJURIES, SCARRING, DISFIGUREMENT, AND BRAIN DAMAGE, M.G.L. c. 152, §§36 and 36A

72.  Plaintiff repeats the allegations of paragraphs one through seventy-one and by reference makes them a part of this Count Four.

73.  On or about July 6, 2017, pursuant to M.G.L. c. 152, §1, Plaintiff was an employee of Uber, being a person in the service of Uber whose employment was in the usual course of the trade, business, profession or occupation of Uber.

74.  On or about July 6, 2017, pursuant to M.G.L. c. 152, §1, Uber was an employer of Plaintiff.

75.  On or about July 6, 2017, Plaintiff was injured in the course of his employment when he was shot multiple times in the head.  As a result of his injury, Plaintiff sustained

12

significant loss of bodily functions including vision and use of multiple limbs as well as bodily disfigurement. Plaintiff also sustained brain damage as a result of his work-related accident.

76. Pursuant to M.G.L. c. 152, §§36 and 36A, Uber was required to provide insurance to compensate Plaintiff for specific injuries, including bodily disfigurement and loss of bodily functions.

77. Uber, and any insurer acting on Uber's behalf, failed to compensate Plaintiff for any of the specific injuries Plaintiff incurred in the course and scope of his employment with ·Uber.

78. As a direct and proximate result of Uber's failure to compensate Plaintiff for the specific injuries he sustained, including disfigurement and loss of bodily functions, Plaintiff incurred significant monetary damages.

**WHEREFORE,** Plaintiff, Pedro Fontes, prays that this Court determine the amount of damages sustained by him as a proximate result of Uber's failure to provide compensation for Plaintiff's specific injuries, including disfigurement and loss of bodily functions, and that it enter judgment against Uber in accordance with that determination, together with interest and costs, as well as any other relief that this Court deems necessary and proper.

## COUNT V. NEGLIGENCE

79. Plaintiff repeats the allegations of paragraphs one through seventy-eight and by reference makes them a part of this Count Five.

80. Uber had a duty to exercise reasonable care in the implementation of its rideshare services to protect the safety of its drivers, including Plaintiff.

13

81.  By failing to provide Plaintiff with any warning as to the high-crime nature of the neighborhood in which he was performing rideshare services, or to otherwise implement any safety precautions for Plaintiff's welfare, Uber failed to exercise reasonable care in the implementation of its rideshare services to protect the safety of its drivers, including Plaintiff.

82.  As a direct and proximate result of Uber's failure to exercise reasonable care, Plaintiff sustained significant personal injuries and monetary damages, and endured significant pain and suffering.

**WHEREFORE**, Plaintiff, Pedro Fontes, prays that this Court determine the amount of damages sustained by him as a proximate result of Uber's negligence, and that it enter judgment against Uber in accordance with that determination, together with interest and costs, as well as any other relief that this Court deems necessary and proper.

## COUNT VI – VIOLATION OF THE WAGE ACT,
### M.G.L. c. 149 §§148B and 148C

83.  Plaintiff repeats the allegations of paragraphs one through eighty-two and by reference makes them a part of this Count Six.

84.  Uber is an employer of more than 11 full-time employees.

85.  At all times relevant hereto, Plaintiff was an employee of Uber.

86.  Uber misclassified Plaintiff as an independent contractor in violation of M.G.L. c. 149, §148B.

87.  As a result of its misclassification, Uber failed to afford Plaintiff the earned sick leave to which he was entitled pursuant to M.G.L. c. 149, §148C.

88.  Uber's misclassification and resulting violations were knowing and willful.

89.  As a result of Uber's violations of the Wage Act, Plaintiff sustained monetary
     damages.

**WHEREFORE**, Plaintiff, Pedro Fontes, prays that this Court determine the amount of
damages sustained by him as a result of Uber's knowing and willful violations of the Wage Act,
M.G.L. c. 149, §§148B and 148C, and pursuant to M.G.L. c. 149, §150, that it enter judgment
against the Defendant in an amount equal to three times that determination, together with
interest, costs, and attorney's fees, as well as any other relief that this Court deems necessary and
proper.

## COUNT VII: FAILURE TO PAY OVERTIME WAGES
## IN VOLATION OF M.G.L. c. 151, §1 *et seq.*

90.  Plaintiff repeats the allegations of paragraphs one through eighty-nine and by reference
     makes them a part of this Count Seven.

91.  At all relevant times hereto, Plaintiff was an employee of Uber.

92.  Plaintiff regularly worked more than forty hours in a single work week in Uber's
     employ.

93.  Uber failed to compensate Plaintiff at one- and one-half times his regular rate of pay
     for Plaintiff's overtime hours worked in excess of forty hours per work week, in
     violation of M.G.L. c. 151, §1A.

94.  As a result of Uber's failure to pay overtime wages, Plaintiff sustained monetary
     damages.

**WHEREFORE**, Plaintiff, Pedro Fontes, prays that this Court determine the amount of
damages sustained by him as a result of Uber's knowing and willful violations of M.G.L. c.
151, §1 *et seq.*, and pursuant to M.G.L. c. 151, §1B, that it enter judgment against the

Defendant in an amount equal to three times that determination, together with interest, costs, and attorney's fees, as well as any other relief that this Court deems necessary and proper.

## COUNT VIII: UNFAIR AND DECEPTIVE ACTS IN VIOLATION OF M.G.L. c. 93A

95. Plaintiff repeats the allegations of paragraphs one through ninety-four and by reference makes them a part of this Count Eight.

96. At all times relevant hereto, Plaintiff was a consumer engaged in commerce in Massachusetts.

97. At all times relevant hereto, Uber was a business engaged in commerce in Massachusetts.

98. Uber failed and refused to cooperate with a lawful investigation of law enforcement in the interest of protecting its business practices.

99. This refusal to cooperate with law enforcement was an unfair and deceptive practice in furtherance of Uber's business interests.

100. Uber's unfair and deceptive acts were knowing and willful.

101. On December 4, 2018, pursuant to M.G.L. c. 93A, §§ 2 and 9, Plaintiff served a written demand letter upon Uber regarding its refusal to cooperate with law enforcement's investigation.

102. Uber failed to make a reasonable settlement offer in response to the Plaintiff's demand letter within thirty (30) days.

103. Plaintiff sustained significant monetary harm, emotional distress, and the miscarriage of justice as a proximate result of Uber's unfair and deceptive acts.

104. Pursuant to M.G.L. c. 93A, §§2 and 9, because the Defendant engaged in such acts and practices knowingly and willfully, the Plaintiffs are entitled to an award of treble damages, plus reimbursement of their attorney's fees and costs.

WHEREFORE, Plaintiff, Pedro Fontes, prays that this Court determine the amount of damages sustained by him as a result of Uber's knowing and willful violations of M.G.L. c. 93A, §§2 and 9, and that it enter judgment against the Defendant in an amount equal to three times that determination, together with interest, costs and attorney's fees, all as provided by M.G.L. c. 93A, as well as any other relief that this Court deems necessary and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES PROPERLY SO TRIED**

PEDRO FONTES,

By his attorneys,

Marshall F. Newman (BBO #370560)
Rebecca H. Newman (BBO #682392)
Patrick J. Galasso (BBO #692391)
NEWMAN & NEWMAN, P.C.
One McKinley Square, 3rd Floor
Boston, MA 02109
Phone: (617) 227-3361
Email: MNewman@newmanlegal.com
        RNewman@newmanlegal.com
        PGalasso@newmanlegal.com

Dated: August 20, 2020

17